**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERICO RODRIGUES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>J.L. NORWOOD, et al.,<br><br>　　　　　　Defendants. | NO. EDCV 10-629-R (MAN)<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE |

　　On April 30, 2010, plaintiff was granted permission, pursuant to 28 U.S.C. § 1915(b)(1), to commence this action without prepayment of the full filing fee of $350.00.  The April 30, 2010 Order required plaintiff to remit an initial partial filing fee within 30 days and cautioned him that failure to do so "may result in dismissal of your case."  As of this date, plaintiff has not made any filing fee payment required by Section 1915((b)(1) & (2) and the April 30, 2010 Order.

　　On February 16, 2011, United States Magistrate Judge Margaret A. Nagle issued an Order To Show Cause Re: Dismissal in this action ("OSC").  The OSC noted plaintiff's failure to comply with the April 30,

2010 Order, as well as his obligations under Section 1915(b). The OSC further noted as follows:

> [P]ursuant to Federal Rule of Evidence 201, the Court has taken judicial notice of the results of a search performed using the Inmate Locator database on the Federal Bureau of Prisons website. The Court's search shows that plaintiff was released from prison (the Federal Correctional Complex in Coleman, Florida) on August 16, 2010. In violation of Local Rule 41-6 and this Court's Order of May 12, 2010 (paragraph 2), plaintiff failed to notify the Court of his address change and provide his current address. In its May 12, 2010 Order, the Court explicitly cautioned plaintiff that the failure to comply with his obligation to apprise the Court of any address change may result in the dismissal of this action for failure to prosecute.[1]
>
> Plaintiff has violated 28 U.S.C. § 1915(b) and Local Rule 41-6. Accordingly, plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice based on plaintiff's failure to comply with these requirements.

The OSC advised plaintiff that, if he wished to pursue this action, he was required to file a response by no later than March 17, 2011. The

---

[1] Specifically, Paragraph 2 of the May 12, 2010 Order advised plaintiff that: he must notify the Court immediately of any address change and provide the Court with his new address; and any failure by plaintiff to comply with a court order, because he did not receive the order due to his failure to inform the Court of an address change, could result in a dismissal of this action for failure to prosecute.

OSC further advised plaintiff that his failure to file a response by that deadline would "be deemed to be consent to the dismissal of this action without prejudice."

On March 1, 2011, the copy of the OSC served upon plaintiff at his address of record (the Federal Correctional Complex in Coleman, Florida) was returned to the Court by the United States Postal Service. The returned envelope bore notations that the document was to be returned to sender, because plaintiff was "not at this address" and "INS."

As Magistrate Judge Nagle did previously, the Court has reviewed and taken judicial notice of the entry for plaintiff on the publically-accessible, online Federal Bureau of Prisons Inmate Locator database, pursuant to Rule 201 of the Federal Rules of Evidence. That entry indicates that Plaintiff was "released" from the custody of the Federal Bureau of Prisons on August 16, 2010. Thus, over seven months have passed since plaintiff's address of record in this case was rendered invalid, yet plaintiff has failed to provide the Court with a current address as required by Local Rule 41-6 and the Magistrate Judge's Order of May 12, 2010. The Court presently has no means of communicating with plaintiff.

Local Rule 41-6 specifically provides that: "If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

It is now over 15 days past the date on which plaintiff's mail was returned to this Court as undeliverable. Moreover, plaintiff has failed to comply with his filing fee payment obligations under Section 1915(b)(1) & (2), as required not only by that statute but also by the Order of April 30, 2010. Accordingly, dismissal of this action for want of prosecution is appropriate.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, only the fifth factor, the general policy favoring resolution of cases on the merits, arguably might favor retention of this action on the Court's docket. However, given plaintiff's inaction and failure to provide the Court with a means of communicating with him, it appears that plaintiff does not wish to pursue his claims. If plaintiff has no interest in pursuing this case, it is difficult for the Court to conclude that the merits of plaintiff's claims favor retention of this case on the docket.

Plaintiff's delay necessarily implicates both the public interest in expeditious resolution of litigation and the Court's need to efficiently manage its docket, the first and second factors. *See* Pagtalunan, 291 F.3d at 642; *see also* Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's noncompliance with Local Rule 41-6, and thus with the OSC, has caused this action to come to a halt, thereby impermissibly allowing plaintiff, rather than the Court, to control the pace of the proceedings in this case. *Id.*

With respect to the third factor -- possible prejudice to the opposing party -- the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See* In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Moore v. Teflon Communications Corp., 589 F.2d 959, 967-68 (9th Cir. 1978). That presumption appears to be applicable here, given that the Complaint is based upon events alleged to have occurred on February 7, 2008, over three years ago.

In addition, the fourth factor favors dismissal. The May 12, 2010 Order explicitly warned plaintiff that dismissal for failure to prosecute could occur should he fail to comply with a court order because, due to his failure to provide the Court with a current address, he did not comply with the court order. Plaintiff, thus, was on notice of the potential consequences of his failure to comply with Local Rule 41-6. Through the OSC, the Magistrate Judge attempted to provide plaintiff with the opportunity to explain and justify his failure to comply with the two Orders described above and with Local Rule 41-6. However, due to plaintiff's failure to provide the Court with a viable address, the OSC was returned, and the Court is unable to contact

plaintiff. Given that plaintiff's address changed over seven months ago yet he still has not contacted the Court to provide a current address, it appears that plaintiff has no desire to pursue this case.

A balancing of these factors, thus, leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See* Ferdik, 963 F.2d at 1263 (dismissal appropriate where strongly supported by three factors). Dismissal also is warranted under Local Rule 41-6.

Accordingly, IT IS ORDERED that Judgment shall be entered dismissing this action, without prejudice, for failure to prosecute.

DATED: __March 23, 2011_.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE